UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID STERN, Personal Representative of the Khaki Realty Trust,

    Plaintiff,

v.                                Case No: 2:15-cv-153-FtM-29CM

BANK OF AMERICA CORPORATION,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the following motions: (1) Plaintiff's Motion for Certification (Doc. #4) filed on March 10, 2015; (2) Plaintiff's Motion to Remand (Doc. #6) filed on March 12, 2015, and Defendant's Response (Doc. #31) filed on April 23, 2015; (3) Plaintiff's Motion to Stay (Doc. #17) filed on April 8, 2015, and Defendant's Response (Doc. #37) filed on May 22, 2015;[1] and (4) Plaintiff's Motion for Reconsideration (Doc. #25) filed on April 15, 2015. Defendant did not respond to the Motion for Certification or the Motion for Reconsideration and the time to do so has expired. For the reasons set forth below, the motions are denied.

---

[1] Plaintiff's request to stay these proceedings was made in its Response (Doc. #17) to Defendant's Motion to Dismiss (Doc. #11). In a prior Order (Doc. #33), the Court construed this request as a Motion to Stay and directed Defendant to respond.

I.

Plaintiff David Stern, proceeding *pro se*, brings this case on behalf of the Khaki Realty Trust (the Trust) as its personal representative. Plaintiff seeks a declaratory judgment (1) that Defendant is precluded from foreclosing upon a parcel of real property owned by the Trust; (2) that Defendant is not entitled to possession of the property; and (3) that Defendant must yield possession of the property to the Trust. (Docs. ##2, 9-1.)

Plaintiff initiated this case in the Twentieth Judicial Circuit Court in and for Lee County, Florida. (Doc. #2.) On March 10, 2015, Defendant removed the case to federal court on the basis of diversity jurisdiction. (Doc. #1.) On April 9, 2015, the Court ordered Plaintiff to retain counsel because non-natural persons such as the Trust may appear in federal court only through a licensed attorney. (Doc. #21.) Plaintiff now moves (1) to remand the case to state court; (2) to certify a question to Florida's Second District Court of Appeals; (3) for reconsideration of the Court's order directing him to obtain counsel; and (4) to stay this case pending a forthcoming ruling by the Florida Supreme Court.

II.

**A.   Motion to Remand**

In its Notice of Removal, Defendant asserts that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because this case is a civil action between citizens of different states

- 2 -

where the matter in controversy exceeds $75,000. (Doc. #1.) As the party seeking federal jurisdiction, the burden is upon Defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003). Plaintiff argues that Defendants have failed to establish both diversity of citizenship and the requisite amount in controversy.

1. **Diversity of Citizenship**

According to Plaintiff, both he and the Trust are citizens of Florida. (Doc. #26.) Defendant states that it is incorporated in Delaware with its principal place of business in North Carolina. (Doc. #1.) "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332. Plaintiff has provided no evidence contradicting Defendant's jurisdictional allegations. Thus, Defendant is deemed a citizen of both Delaware and North Carolina and there is complete diversity of citizenship.[2]

---

[2] Subsequent to filing the motion to remand, Plaintiff moved to amend its complaint to add Bank of America, N.A. as a Defendant. This does not impact that Court's analysis because Bank of America, N.A. is a national banking association with its main office in North Carolina. Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 673 (11th Cir. 2014) ("A national banking association is a citizen of the state where it is located . . . [and] a national bank is located in the place where it is designated to have its main office.") (quotation and citation omitted).

**2. Amount in Controversy**

Typically, where removal is based upon diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, where the complaint does not make a demand for damages because the plaintiff seeks injunctive or declaratory relief, the amount in controversy "is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002). A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

Here, Plaintiff seeks a declaratory judgment (1) that Defendant is precluded from foreclosing upon a parcel of real property owned by the Trust; (2) that Defendant is not entitled to possession of the property; and (3) that Defendant must yield possession of the property to the Trust. (Docs. ##2, 9-1.) Thus, the amount in controversy is the monetary value of the property. Leonard, 279 F.3d at 973. Stern concedes that the property is currently subject to a mortgage held by Defendant. (Docs. ##2, 9-1.) As such, Plaintiff necessarily seeks to invalidate the mortgage. Defendant has provided unchallenged documentary evidence that the original principle amount of the mortgage was $292,159 (Doc. #1-5) and that the current appraised value of the

property is $194,500 (Doc. #1-6).  By either measure, the Court concludes that Defendant has plausibly alleged that the amount in controversy exceeds the $75,000 jurisdictional threshold.  See, e.g., Prop. Choice Grp., Inc. v. LaSalle Bank Nat. Ass'n, No. 12-CV-1042, 2012 WL 2568138, at *1 (M.D. Fla. July 2, 2012) ("Property Group seeks to invalidate a $272,000 mortgage.  The value of the mortgage at issue, and thus the amount in controversy, exceeds $75,000.").  Accordingly, Plaintiff's motion to remand is denied.

**B.   Motion for Certification**

While this case was pending in state court, Plaintiff filed a motion requesting that the state court certify a question to Florida's Second District Court of Appeals.  (Doc. #4.)  As set forth above, Plaintiff's motion to remand is denied and this case will proceed in federal court.  A federal district court does not have the authority to certify questions to Florida state courts. Bridges v. Seminole Cnty., No. 07-CV-1010, 2008 WL 638330, at *4 (M.D. Fla. Mar. 5, 2008).  Accordingly, Plaintiff's Motion for Certification is denied.

**C.   Motion for Reconsideration**

Plaintiff moves for reconsideration of the Court's April 9, 2015 Order (Doc. #21), which directed Plaintiff to retain counsel to represent the Trust.  In support of his motion, Plaintiff provided an affidavit in when he states that he is the Trust's sole trustee and sole beneficiary.  (Doc. #26.)  This additional information does not change the Court's analysis.  "[A]ll

- 5 -

artificial entities," including trusts, must be represented by counsel when appearing in federal court. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Plaintiff does not cite, and the Court is unaware of, any case holding that a trust is exempted from this requirement if it has a sole trustee and/or beneficiary. Therefore, Plaintiff's Motion for Reconsideration is denied. Plaintiff will be required to retain counsel for the Trust, and the failure to do so will result in the dismissal of this case.

**D.   Motion to Stay**

Finally, Plaintiff seeks to stay this case pending a ruling by the Florida Supreme Court in U.S. Bank N.A. v. Bartram, 140 So. 3d 1007 (5th DCA 2014), review granted, No. SC14-1265, 2014 WL 4662078 (Fla. Sept. 11, 2014). As explained above, Plaintiff seeks a declaratory judgment that, *inter alia*, Defendant is barred by the statute of limitations from foreclosing on a parcel of real property owned by Plaintiff. There is a lack of consensus among Florida courts concerning the Court's ability to grant Plaintiff this relief. See, e.g., Deutsche Bank Trust Co., Americas v. Beauvais, No. 3D14-575, 2014 WL 7156961, at *10 (Fla. 3d DCA, Dec. 17, 2014) (collecting cases). Bartram, a case raising similar legal issues, is scheduled to be heard by the Florida Supreme Court on October 6, 2015. Plaintiff requests that the Court say this case until the Florida Supreme Court issues its ruling in Bartram. Defendant opposes a stay.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). When exercising this discretion, "the district court must limit properly the scope of the stay" to ensure that it is not "immoderate." Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000). "[A] stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." Id. (quoting Landis v. North American Co., 299 U.S. 248, 257 (1936)). Accordingly, the Eleventh Circuit has routinely vacated district court orders which stayed cases until the conclusion of a related case proceeding in a different court. Id. (collecting cases and holding that district court's order staying case pending resolution of a related case was impermissibly "indefinite in scope").

Here, Plaintiff seeks a stay of indefinite scope similar to that which was vacated by the Eleventh Circuit in Trujillo. Oral argument in Bartram will not take place until October 6, 2015 and, as noted by Defendant, it is not uncommon for the Florida Supreme Court to issue rulings more than one year after oral argument. See, e.g., Sanislo v. Give Kids the World, Inc., 157 So. 3d 256, 258 (Fla. 2015) (oral argument held November 5, 2013); Special v. W. Boca Med. Ctr., No. SC11-2511, 2014 WL 5856384 (Fla. Nov. 13, 2014) (oral argument held April 3, 2013). As a result, staying

these proceedings pending a ruling in Bartram could result in a delay of more than two years.  Furthermore, the Court is satisfied that sufficient relevant precedent exists to allow this case to proceed prior to a ruling in Bartram.  See, e.g., Singleton v. Greymar Assocs., 882 So. 2d 1004, 1007 (Fla. 2004).  Therefore, Plaintiff's motion for a stay is denied.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #6) is **DENIED**.

2. Plaintiff's Motion for Certification (Doc. #4) is **DENIED**.

3. Plaintiff's Motion for Reconsideration (Doc. #25) is **DENIED**.

4. Plaintiff's Motion to Stay (Doc. #17) is **DENIED**.

5. Within **TWENTY-ONE (21) DAYS** of this Order, Plaintiff shall retain counsel and have counsel file a Notice of Appearance. If no notice of appearance is filed, the Court will dismiss the case without prejudice.

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of May, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record