UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID STERN, Personal Representative of the Khaki Realty Trust,

    Plaintiff,

v.   Case No: 2:15-cv-153-FtM-29CM

BANK OF AMERICA CORPORATION,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #11) filed on March 30, 2015. Plaintiff filed a Response (Doc. #17) on April 8, 2015. For the reasons set forth below, the motion is granted.

**I.**

Plaintiff David Stern (Stern), acting as personal representative of the Khaki Realty Trust (the Trust) has filed an Amended Complaint (Doc. #9) against Defendant Bank of America Corporation (BOA) seeking a declaratory judgment concerning a parcel of real property owned by the Trust. The underlying facts, as set forth in the Amended Complaint, are as follows:

Stern, via the Trust, owns a parcel of real property (the Property) located in Cape Coral, Florida. (Id. at ¶ 3.) The Property was originally purchased by Ana and Marvin Fuller (the Fullers) in 2005 and the Fullers executed a mortgage (the Mortgage)

are the time of purchase. (Id. at ¶¶ 8-9.) Sometime thereafter, the Mortgage was assigned to Countrywide Home Loans, Inc. (Countrywide). (Id. at ¶¶ 10.) As a result of the Fullers' failure to make required mortgage payments, Countrywide accelerated the mortgage and filed a mortgage foreclosure action. (Id. at ¶¶ 10, 25.) In April 2008, the Fullers filed for bankruptcy and, ultimately, received a discharge of their debts including their mortgage obligation. (Id. at ¶¶ 11-12.) In 2011, the mortgage foreclosure action against the Fullers was dismissed without prejudice. (Id. at ¶ 13.) The Mortgage was assigned to BOA in 2014. (Id. at ¶ 14.) In April 2014, Marvin Fuller died. Subsequently, Ana Fuller executed a quitclaim deed transferring to Stern her right, title, and interest in the Property. (Id. at ¶¶ 16-17.) BOA is currently in possession of the Property and has taken actions to prevent Stern from accessing and occupying it. (Id. at ¶ 15.)

Based on these allegations, Stern seeks a declaratory judgment (1) that the statute of limitations bars BOA from foreclosing upon the Property; (2) that BOA is not entitled to possession of the property; and (3) that BOA must yield possession of the property to the Trust. BOA now moves to dismiss, arguing that the Amended Complaint fails to state a claim upon which relief can be granted.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially

3

plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

As set forth in the Amended Complaint, the Fullers' lender accelerated the Mortgage based upon the Fullers' failure to make a required mortgage payment and, after the Fullers failed to pay the accelerated mortgage debt, the lender commenced a foreclosure action. (Id. at ¶¶ 10-15, 25.) The foreclosure action against the Fullers was subsequently dismissed without prejudice. (Id.) According to Stern, the dismissal without prejudice did not unwind the acceleration. Actions to foreclose a mortgage are subject to a five-year statute of limitations. Fla. Stat. § 95.11(2)(c). Stern argues that the limitations period here began to run *as to the full amount owed on the Mortgage* on the date of acceleration. Because the limitations period has since expired, Stern contends that BOA (who now owns the Mortgage) is barred from foreclosing upon the Property in the future, and he seeks a declaratory judgment to that effect. BOA argues that Stern is not entitled to such a declaration because BOA continues to possess rights under the Mortgage, including the right to foreclose upon the Property

4

on the basis of *future* non-payment defaults. Therefore, BOA contends that the Amended Complaint must be dismissed.

In response to BOA's motion, Stern relies on the Florida Third District Court of Appeal's recent decision in Deutsche Bank Trust Co., Americas v. Beauvais, No. 3D14-575, 2014 WL 7156961 (Fla. 3d DCA, Dec. 17, 2014). In Beauvais, following the borrower's default on a mortgage, the mortgagee accelerated the debt and commenced foreclosure. (Id. at *1.) Subsequently, the foreclosure action was dismissed without prejudice. (Id.) Nearly six years later, the mortgagee brought a new foreclosure action, which the borrower argued was barred by the statute of limitations. (Id. at *2.) The court agreed, holding that the statute of limitations ran from the date of acceleration and did not restart when the initial foreclosure action was dismissed without prejudice. (Id. at *10.)

However, Beauvais is contrary to the overwhelming weight of authority, which holds that "even where a mortgagee initiates a foreclosure action and invokes its right of acceleration, if the mortgagee's foreclosure action is unsuccessful for whatever reason, the mortgagee still has the right to file later foreclosure actions . . . so long as they are based on separate defaults." Dorta v. Wilmington Trust National Association, No. 13–CV–185, 2014 WL 1152917, at *1 (M.D. Fla. Mar. 24, 2014); see also, e.g., Lacroix v. Deutsche Bank Nat. Trust Co., No. 14-CV-431, 2014 WL 7005029, at *2 (M.D. Fla. Dec. 10, 2014) ("Regardless of whether

5

the statute of limitations bars individual defaulted payments that are more than five years old, the mortgage and note remain valid and enforceable."); Torres v. Countrywide Home Loans, Inc., No. 14-CV-20759, 2014 WL 3742141, at *4 (S.D. Fla. July 29, 2014) ("While any claims relating to individual payment defaults that are more than five years old may be subject to the statute of limitations, each payment default that is less than five years old creates a basis for a subsequent foreclosure or acceleration action."); Singleton v. Greymar Associates, 882 So. 2d 1004, 1008 (Fla. 2004) ("In this case the subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action."); Evergrene Partners, Inc. v. Citibank, N.A., 143 So. 3d 954, 956 (Fla. 4th DCA 2014) (where a prior foreclosure action was dismissed without prejudice, "any acts of default still within the statute of limitations may be raised in a subsequent suit").

Accordingly, the Court declines to follow Beauvais and instead concludes that the statute of limitations does not bar BOA from foreclosing upon the Property on the basis of future non-payment defaults or non-payment defaults which have occurred within the past five years. As a result, Stern cannot obtain declaratory relief he seeks and the Amended Complaint must be dismissed.

Furthermore, the outcome would not change even if the Court were to follow Beauvais. At most, Beauvais prevents BOA from foreclosing upon the property as a result of *non-payment* defaults only. Id. at *11. However, Stern does not simply seek a declaratory judgment that BOA cannot foreclose upon the Property as a result of non-payment defaults. Instead, he seeks a declaratory judgment that BOA may not foreclose upon the Property for any reason, as well as a declaratory judgment that BOA may not prevent Stern from possessing, occupying, and using the Property. Thus, Stern is seeking to extinguish any rights BOA has pursuant to the Mortgage and, effectively, quite title to the Property in favor of himself. Even under Beauvais, such relief is unavailable.

As explained in Beauvais, the duration of a mortgage lien is governed by Fla. Stat. § 95.281(1)(a), which provides that a mortgage lien with a readily ascertainable maturity date terminates five years after maturity. The Beauvais court further explained that a lender's acceleration of the mortgage does not accelerate the mortgage's maturity date. 2014 WL 7156961, at *11. Thus, because the mortgage in question had not yet reached maturity, the Beauvais court refused to extinguish the mortgage or quiet title, even though the court had already held that the foreclosure action was time-barred. Id. The same is true here,

7

as the Fuller's Mortgage[1] contains a readily ascertainable maturity date of November 1, 2035.  (Doc. #1-5, p. 3.)  Therefore, the Court cannot extinguish the Mortgage or quiet title to the Property in favor of Stern, even if the Court were to follow Beauvais.  Because Stern's requested relief is precluded as a matter of law, the Court concludes that any further amendment to the Amended Complaint would be futile.  Therefore, the Amended Complaint will be dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #11) is **GRANTED** and the Amended Complaint is **dismissed with prejudice**.  The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   30th   day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

[1] The Mortgage was provided by BOA as an exhibit to its Notice of Removal.  (Doc. #1.)  When analyzing a motion to dismiss for failure to state a claim, the court typically considers only the complaint and the exhibits attached thereto.  Nevertheless, the Court may consider the Mortgage because it is central to Stern's claim and its authenticity has not been challenged. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

8